IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

TIMOTHY EDWARDS,

Defendant.                                                            No. 14-cr-30173-DRH-3

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

Now before the Court is the government's second and third motions *in limine* (Docs. 111 & 113). Specifically, the government requests that the Court issue a pretrial ruling regarding the use of certain evidence at trial (Doc. 111) and prohibit the defendant from defining or attempting to define reasonable doubt, and arguing, attempting to argue, or suggesting the possibility of jury nullification (Doc. 113). Based on the reasons below, both motions are granted.

### *1. Motion in Limine to Use Certain Evidence at Trial (Doc. 111).*

The Court first looks to the government's second motion *in limine* requesting a pretrial ruling regarding the use of certain evidence at trial (Doc. 111). Specifically, the government indicates that they intend to use a summary of "relevant text messages relating to and in furtherance of the drug trafficking conspiracy between Defendant and co-conspirator, David Jenkins", pursuant to FED. R. EVID 1006. Defendant Edwards opposes the motion (Doc. 121).

FED. R. EVID 1006 allows a party to present, and enter into evidence, a summary of voluminous writings, recordings, or photographs. This provision, however, is not an end around to introducing evidence that would otherwise be inadmissible; therefore, in applying this rule, the Court requires that the proponent of the evidence lays a proper foundation for admissibility and use of the evidence.

In this case, the Court finds that given the voluminous nature of the records involved, the proposed summary will aid the jury in not having to peruse every phone call and message. Additionally, the government's summary is in compliance with FED. R. EVID 1006, as long as the government lays a proper foundation for admissibility and use of the summary chart. Furthermore, under FED. R. EVID. 403, any prejudice, which the Court finds to be none, is far outweighed by the probative value of the evidence and the assistance that the summary will render to the jury. Therefore the government's second motion *in limine* is granted (Doc. 111).

> **2. Motion in Limine to Prohibit the Defendant from Defining or Attempting to Define Reasonable Doubt, and Arguing, Attempting to Argue, or Suggesting the Possibility of Jury Nullification (Doc. 113).**

On the basis that defendant filed no response to the government's third motion *in limine*, and therefore seemingly does not object to the motion, the Court interprets defendant's lack of a response as an admission on the merits of the motion. Therefore the government's third motion *in limine* is granted (Doc. 113).

Moreover, the Seventh Circuit has long held that "courts are not required (and indeed are discouraged) from giving these instructions, for the phrase "reasonable doubt" is well understood and certainly is neither confusing nor ambiguous when used, and needs no further explanation or explication." *United States v. Hernandez*, 39 F. App'x 365, 371 (7th Cir. 2002). *See also, United States v. Bruce*, 109 F.3d 323, 329 (7th Cir.1997) (stating that neither trial courts nor counsel should attempt to define "reasonable doubt"); *United States v. Hanson*, 994 F.2d 403, 408 (7th Cir.1993) (stating that attempts to define reasonable doubt present risk without any real benefit); *United States v. Alex Janows & Co.*, 2 F.3d 716, 723 (7th Cir. 1993)( warning that counsel should not define "reasonable doubt" to a jury.)*United States v. Langer*, 962 F.2d 592, 600 (7th Cir.1992) (stating that "reasonable doubt" is a self-explanatory concept and further definition would confuse the jury).

Accordingly, the government's second and third motions *in limine* (Docs. 111 & 113) are **GRANTED**.

**IT IS SO ORDERED.**

Signed this 7th day of July, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.07.07 15:38:30 -05'00'

**United States District Judge**