# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.

    Case No. 14-cr-30173-DRH

**TIMOTHY EDWARDS,**

    **Defendant.**

## ORDER

**HERNDON, District Judge:**

Before the Court is defendant Timothy Edwards' pro se Motion for Leave to Appeal In Forma Pauperis ("IFP") (Doc. 243). On April 7, 2017, Edwards was sentenced to a term of 84 months as to each of Counts 1 and 3 and 60 months as to Count 2 of the Indictment, to be served concurrently. (Doc. 174). On August 17, 2018, Edwards filed a Motion for a New Trial under Fed R. Crim. P. 33(b)(1) because of "Newly Discovered Evidence." (Doc. 222). The Court denied said motion because Edwards was not convicted at trial. (Doc. 232). Rather, Edwards waived his constitutional right to a trial and pleaded guilty during his plea hearing (Doc. 132), and therefore, Fed. R. Crim. P. 33 relief is unavailable to him. On October 22, 2018, Edwards asked the Court to grant him leave to appeal its denial of his Motion for a New Trial and proceed IFP (Doc. 235), which the Court granted. On November 16, 2018, with the above issue on appeal with the Seventh Circuit, Edwards filed a Motion to Withdraw his Guilty Plea. (Doc. 241). The Court denied

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.

    Case No. 14-cr-30173-DRH

**TIMOTHY EDWARDS,**

    **Defendant.**

## ORDER

**HERNDON, District Judge:**

Before the Court is defendant Timothy Edwards' pro se Motion for Leave to Appeal In Forma Pauperis ("IFP") (Doc. 243). On April 7, 2017, Edwards was sentenced to a term of 84 months as to each of Counts 1 and 3 and 60 months as to Count 2 of the Indictment, to be served concurrently. (Doc. 174). On August 17, 2018, Edwards filed a Motion for a New Trial under Fed R. Crim. P. 33(b)(1) because of "Newly Discovered Evidence." (Doc. 222). The Court denied said motion because Edwards was not convicted at trial. (Doc. 232). Rather, Edwards waived his constitutional right to a trial and pleaded guilty during his plea hearing (Doc. 132), and therefore, Fed. R. Crim. P. 33 relief is unavailable to him. On October 22, 2018, Edwards asked the Court to grant him leave to appeal its denial of his Motion for a New Trial and proceed IFP (Doc. 235), which the Court granted. On November 16, 2018, with the above issue on appeal with the Seventh Circuit, Edwards filed a Motion to Withdraw his Guilty Plea. (Doc. 241). The Court denied

for lack of jurisdiction because the issue is currently on appeal. Based on the following, the Court **DENIES** the motion.

Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE provides that a party to an action in federal district court who desires to appeal IFP must first file a motion in the district court requesting leave to appeal without payment of fees and costs. *See* FED. R. APP. P. 24(a)(1). The motion must be supported by an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. *See id.*

In evaluating Edwards' motion to appeal IFP, the Court must determine whether the appeal is taken in good faith. As to the good faith requirement, the Court must "find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). "[A]n appeal in a frivolous suit cannot be 'in good faith' under § 1915(a)(3), because 'good faith' must be viewed objectively." *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000). To appeal in bad faith, on the other hand, means to appeal "on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee*, 209 F.3d at 1026. That said, a district court is under an obligation "not to apply an inappropriately high standard when making good faith determinations." *Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998).

Here, Edwards' motion to proceed IFP fails because it is not taken in good faith. In its October 16, 2018 Order, the Court explained that:

> Defendant waived his constitutional right to a trial during his plea hearing. He also pleaded guilty during that hearing. <u>Defendant can only withdraw his plea, which is apparently what he is trying to do, by way of a collateral attack.</u> He previously attempted a direct appeal but was dismissed by the Seventh Circuit as untimely.

(Doc. 232) (emphasis added).

As stated before, because his this case is closed, and the Seventh Circuit denied his direct appeal, Edwards can only withdraw his plea by way of collateral attack. A prisoner may move to vacate, set aside or correct his sentence if he claims "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

Alternatively, Edwards' current request to appeal IFP is denied as moot, because the same issue is currently on appeal with the Seventh Circuit. (Doc. 234).

Accordingly, the Court finds that Edwards' current appeal is taken in bad faith, or alternatively, the current appeal is moot. Therefore, the instant motion (Doc. 243) is **DENIED** and Edwards may not proceed on his appeal IFP.

**IT IS SO ORDERED.**

Judge Herndon
2018.12.06
11:57:38 -06'00'

United States District Judge