IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TIMOTHY EDWARDS,

    Defendant.

Case No. 3:14–CR-30173-NJR-3

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Reduce Sentence under the First Step Act of 2018 filed by Defendant Timothy Edwards, as well as two motions to compel discovery and a motion for clarification (Docs. 269, 272, 273, 280). Also pending before the Court is the Motion to Withdraw filed by the Federal Public Defender appointed in this matter (Doc. 276). For the reasons set forth below, Edwards's motions are denied, and the motion to withdraw is granted.

## BACKGROUND

On July 11, 2016, Edwards pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine and marijuana (Count 1), making a false statement to a federal law enforcement officer (Count 2), and maintaining drug-involved premises (Count 3) (Doc. 132). He was sentenced by now-retired District Judge David R. Herndon[1] to 84 months' imprisonment on Counts 1 and 3, and 60 months on Count 2, to be served

---

[1] This case was reassigned to the undersigned District Judge on March 12, 2019 (Doc. 249).

concurrently (Doc. 174).

Edwards filed a direct appeal of his conviction, which was dismissed by the Seventh Circuit Court of Appeals as untimely (Doc. 219). On August 17, 2018, Edwards filed a motion for new trial, which was denied by Judge Herndon (Docs. 222, 232). Edwards then appealed that order on October 22, 2018 (Doc. 234), before filing a motion to withdraw his guilty plea on November 16, 2018 (Doc. 240). Judge Herndon denied the motion to withdraw Edwards's guilty plea for lack of jurisdiction (Doc. 241), because the case was then on appeal. Edwards appealed that order as well (Doc. 242). The Seventh Circuit Court of Appeals consolidated Edwards's appeals for purposes of briefing and disposition. *United States v. Edwards*, No. 18-3548 (7th Cir. Nov. 30, 2018).

On April 5, 2019, while his consolidated appeal was still pending, Edwards filed a Motion for Immediate Release on Bond Pending Appeal (Doc. 250). The Court denied Edwards's motion on April 26, 2019, finding that his appeal of the district court's denial of his motion for new trial and motion to withdraw guilty plea did not raise a substantial question of law or fact and was not likely to result in reversal or a new trial on all counts (Doc. 254). Thus, he was not entitled to be released on bond while the appeal was pending (*Id.*).

Also on April 26, 2019, Edwards filed a letter asking, in part, that he be resentenced under the First Step Act (Doc. 253). Edwards stated that he was a first-time, non-violent offender, his mother is ill, and he is more than 500 miles away from his daughters and fiancé. Accordingly, he asked that the Court grant his 404(b) motion. On May 1, the Court denied Edwards's request for lack of jurisdiction due to his pending appeal (Doc. 255).

The following day, May 2, 2019, the Seventh Circuit Court of Appeals issued a non-precedential opinion affirming the district court's disposition of Edwards's motion for new trial and motion to withdraw his guilty plea. *United States v. Edwards*, Nos. 18-3254 & 18-3548, 2019 WL 1964609, at *1 (7th Cir. May 2, 2019).

On May 6, 2019, Edwards again filed a Notice of Appeal (Doc. 257), this time with regard to the Court's denial of his Motion for Release from Custody Pending Appeal (Doc. 254) and the denial of his request for resentencing under the First Step Act for lack of jurisdiction due to his then-pending appeal (Doc. 255). The Court of Appeals dismissed that appeal as moot on May 17, 2019 (Doc. 270-2).

## Discussion

### I. Motion for Clarification of Dismissal for Lack of Jurisdiction

Edwards has filed a motion asking the Court to review the timeline in which his initial First Step Act motion was denied for lack of jurisdiction (Doc. 269). He argues that the Court erred when it said it lacked jurisdiction because he received a Notice of Dismissal of his appeal on May 2, 2019.

The Court denied Edwards's initial First Step Act motion for lack of jurisdiction on May 1, 2019, while his appeal was still pending. Therefore, the Court rightly dismissed the motion for lack of jurisdiction. *See United States v. Rincon*, 477 F. App'x 391, 393 (7th Cir. 2012) (citing *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008)) (defendant's filing of notice of appeal divested district court of jurisdiction to determine motion to reconsider). Thus, Edwards's Motion for Clarification of Dismissal for Lack of Jurisdiction (Doc. 269), to the extent he asserting the Court erred in its conclusion, is

denied.

## II. Motion for Discovery

On July 8, 2019, Edwards filed a Motion for Discovery with the Court requesting certain evidence used by his retained attorney and the Government that apparently influenced his decision to accept a guilty plea (Doc. 272). Specifically, Edwards seeks the transcript of a wiretap that he contends does not actually exist. Edwards claims the lack of such evidence will prove his innocence. He also requests the Court turn over the signed warrant for the alleged wiretap. Edwards renewed this request with a second "Motion to Compel, Discovery Request" on October 7, 2019 (Doc. 280).

Edwards cites to no statute or other authority that would require the Court or the Government to turn over such evidence *after* he has pleaded guilty, been sentenced, and his appeal denied. At best, his motion is a collateral attack on his sentence under 28 U.S.C. § 2255, but Edwards already has a motion pending under that statute. *See Edwards v. United States*, No. 3:19-CV-293-NJR (S.D. Ill.). Thus the Court denies both motions for discovery (Doc. 272, 280).

## III. Motion to Reduce Sentence under the First Step Act of 2018

On August 2, 2019, Edwards filed a second Motion to Reduce Sentence under the First Step Act of 2018 (Doc. 273). Edwards asks the undersigned to resentence him under the Act because of his character and achievements, his mother's illness, and for the sake of his four-year-old daughter. On August 5, 2019, pursuant to Administrative Order 234, the Court ordered the Federal Public Defender to enter its appearance on behalf of Edwards and either supplement his *pro se* motion or file a motion to withdraw as counsel

if it determined Edwards is not entitled to relief (Doc. 275).

On August 23, 2019, Federal Public Defender Stephen Welby filed a Motion to Withdraw as Attorney (Doc. 276). The motion noted that the authority to reduce a sentence pursuant to § 404 of the First Step Act applies only to federal offenses committed before August 3, 2010, for which the Fair Sentencing Act changed the statutory penalty range—that is, certain crack cocaine offenses. Edwards, however, was sentenced on April 10, 2017 for (1) conspiracy to distribute and possess with the intent to distribute cocaine and marijuana; (2) making a false statement to a federal law enforcement officer; and (3) maintaining a drug-involved premises. Because none of the charged offenses involved cocaine base or crack cocaine, and because the Fair Sentencing Act was already in effect at the time of Edwards's sentencing, it would not have changed the statutory penalty range for any count of conviction. Accordingly, the motion argues, there is no basis for a motion for reduced sentence under § 404 of the First Step Act.

Edwards filed a response to the Motion to Withdraw as Attorney on August 16, 2019 (Doc. 279). In his response, Edwards accuses counsel of being ineffective because he refused to have a legal call with Edwards and because he limited his representation to § 404 of the First Step Act. He then argues that he is a good person with strong family/community ties, that his guilty plea was not knowingly, voluntarily, or intelligently entered, that he should be on Federal Location Monitoring due to his minimum low risk category assessment, and that he was forced to move to Yankton FPC, which is well over 500 driving miles from his release residence. He also claims the Court has discretion to impose a reduced sentence under § 404(b) of the First Step Act, without

limitations. He further asserts extraordinary circumstances exist to modify his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

Because the Federal Public Defender's motion to withdraw did not address Edwards's additional arguments, the Court ordered Mr. Welby to reply to Edwards's response by October 24, 2019.

In reply to Edwards's argument that he was ineffective, Mr. Welby notes that the scope of his representation pursuant to Administrative Order 234 was limited to determining whether a motion to reduce sentence under the First Step Act was proper. Further, he had a telephone call with Edwards and wrote him two letters explaining his analysis. On this basis, the Court finds that Mr. Welby was not ineffective. The scope of his representation was limited by Administrative Order 234, and his representation did not fall below any objective standard of reasonableness or prejudice Edwards. *See Strickland v. Washington*, 466 U.S. 668 (1984).

With regard to the First Step Act, the Court agrees with Mr. Welby that, while Edwards argues he is a first-time, non-violent offender, that has no bearing on his request for a sentence reduction under the First Step Act. Section 404 of the First Step Act only authorizes the Court to reduce sentences imposed for offenses committed before August 3, 2010, that involved crack cocaine. Because Edwards does not have a crack cocaine conviction, the Court cannot reduce his sentence under § 404. Likewise, any argument he raises regarding the relevant conduct findings in the Presentence Investigation Report and alleged discovery violations and Rule 11 defects do not serve as a basis for a reduced sentence under § 404 of the First Step Act.

With regard to Edwards's argument that he should be on Federal Location Monitoring, the Court again agrees with Mr. Welby that home confinement for the final months of imprisonment is only a possibility during the *shorter* of 10 percent of the term of imprisonment or six months. *See* 18 U.S.C. 3624(c)(2). Because Edwards received 84 months' imprisonment (10 percent of which is 8.4 months), he is only eligible for six months of home confinement under the statute. Given that his current release date is May 16, 2023, the Court agrees that Edwards is ineligible for prelease custody or home confinement at this time.

Edwards next argues that, while he was originally placed in the BOP facility in Pekin, Illinois, he was forced to move to Yankton FPC, which is more than 500 driving miles from his release residence. The First Step Act amended 18 U.S.C. § 3621(b) to provide that the BOP:

> shall designate the place of the prisoner's imprisonment, and shall, subject to bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the Bureau of Prisons, **place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence.**

18 U.S.C. § 3621(b) (emphasis added). The section further states, however, that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." *Id.* The Court therefore has no authority to order the BOP to make any placement decisions under the Act. *See Ellis v. United States*, No. 3:19-CV-395-K (BT), 2019 WL 3021141, at *2 (N.D. Tex. June 18,

2019), *report and recommendation adopted*, No. 3:19-CV-395-K (BT), 2019 WL 3006837 (N.D. Tex. July 9, 2019); *United States v. Tovar-Zamorano*, 2019 WL 2005918 at *2 (D. Kan. May 7, 2019) (stating the First Step Act "does not divest the BOP of its statutory discretion to determine the location of an inmate's imprisonment"); *Porche v. Salazar*, 2019 WL 1373683 at *1 (D. Or. Mar. 5, 2019) (same). Regarding Edwards's claim that he has been denied 510 minutes of phone time, additional visit time, and video conference calls to his family, he has not demonstrated that he is eligible for these programs, that they are available at Pekin, or that he has exhausted any administrative remedies with regard to the denial of these programs.

Next, Edwards states that it is his understanding that § 404 gives the Court discretion to reduce any sentence under 21 U.S.C. § 841 without limitation. This is incorrect. The Count only has authority to reduce a sentence pursuant to § 404 of the First Step Act if the offense was committed before August 3, 2010, and involved crack cocaine. § 404(a). He also cites to 18 U.S.C. § 3582(c)(2) and states this is a Congressional act of leniency "intended to give prisoner the benefit of enacted adjustments to judgements reflected in the guidelines." But Edwards's guideline range has not been adjusted, so this provision has no application here.

Finally, Edwards lists a number of "extraordinary circumstances" that he believes qualify him for the compassionate release provisions found in § 603 of the First Step Act, which amended 18 U.S.C. § 3582(c) and (d). Under that section, however, the Court may only act:

upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). Here, there is no evidence or even an allegation that Edwards exhausted his administrative remedies or ever filed such a request with the Bureau of Prisons. Accordingly, this argument must also fail.

## CONCLUSION

For these reasons, the Motion for Clarification of Dismissal for Lack of Jurisdiction filed by Defendant Timothy Edwards (Doc. 269), to the extent he asserting the Court erred in its conclusion, is **DENIED**. The Motion for Discovery filed by Edwards (Doc. 272) and the Motion to Compel, Discovery Request (Doc. 280) are also **DENIED**.

Finally, Edwards's Motion to Reduce Sentence under the First Step Act of 2018 (Doc. 273) is **DENIED**. The Motion to Withdraw as Counsel filed by Mr. Stephen Welby (Doc. 276) is **GRANTED**. The Clerk of Court is **DIRECTED** to terminate Mr. Welby as counsel of record.

**IT IS SO ORDERED.**

DATED: October 28, 2019

NANCY J. ROSENSTENGEL
**Chief U.S. District Judge**