IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>TIMOTHY EDWARDS,<br><br>  Defendant. | Case No. 3:14–cr-30173-NJR-3 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Reconsideration (Doc. 284) and a Motion for Compassionate Release (Doc. 292), as well as various other motions, filed by Defendant Timothy Edwards. For the reasons set forth below, the motions are denied.

**I. Motion for Reconsideration of Denials Under the First Step Act**

A motion for reconsideration may be appropriate where the court has misunderstood a party, made a decision outside of the issues presented by the parties, made an error of apprehension, where a significant change in the law has occurred, or where significant new facts have been discovered. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

Edwards first argues—like he did in his Motion for Clarification—that this Court mistakenly used incorrect dates of events when it denied his motions for application of the First Step Act (Doc. 284, p. 1). The problem is that Edwards confuses his three motions for resentencing under the Act.

The first motion, filed on April 26, 2019, was denied on May 1, 2019, for lack of jurisdiction because the Seventh Circuit did not rule on a pending appeal until May 2, 2019. *See United States v. Edwards*, 2019 WL 5555559, at *2 (S.D. Ill. Oct. 28, 2019) (noting that "[t]he Court denied Edwards's initial First Step Act motion for lack of jurisdiction on May 1, 2019, while his appeal was still pending"). The second motion, filed on May 13, 2019, was denied on May 14, 2019, for lack of jurisdiction because the Seventh Circuit had yet to rule on another pending appeal (Docs. 266 and 267).[1]

It was not until Edwards's third motion, filed on August 2, 2019, for resentencing under the Act that this Court had jurisdiction (Doc. 273). Under § 404 of the Act, this Court may only impose a reduced sentence for certain crack cocaine federal offenses committed before August 3, 2010. First Step Act of 2018, Pub. L. No. 115-319, § 404(a), (b), 132 Stat. 5194 (2018). To assist Edwards, this Court ordered the Federal Public Defender to enter its appearance on behalf of Edwards and supplement Edwards's *pro se* motion or file a motion to withdraw if it determined Edwards is not entitled to relief (Doc. 275). The Federal Public Defender withdrew after talking with Edwards and analyzing whether the Act applied (Docs. 276 and 282). Contrary to Edwards's argument, this Court does not find the Federal Public Defender ineffective and, in fact, agrees there is no basis for a motion for reduced sentence under § 404 of the Act because Edwards was not sentenced for a crack cocaine conviction.

As for Edwards's motion to reconsider regarding the alleged violation under the

---

[1] In the appeal filed on May 6, 2019, Edwards was challenging the Court's denial of his Motion for Release from Custody Pending Appeal (Doc. 254) and the denial of the April 26 request for resentencing under the Act for lack of jurisdiction (Doc. 255).

Act for moving him to a location more than 500 miles away from his release residence, this Court must deny this motion. The Act specifically states that, "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have authority to compel the Bureau of Prisons ("BOP") to make any placement decisions under the Act. *See United States v. Tovar-Zamorano*, 2019 WL 2005918 at *2 (D. Kan. May 7, 2019) (stating the First Step Act "does not divest the BOP of its statutory discretion to determine the location of an inmate's imprisonment"); *Porche v. Salazar*, 2019 WL 1373683 at *1 (D. Or. Mar. 5, 2019) (same).

With regard to Edwards's argument that he should be on Federal Location Monitoring, this Court disagrees. Edwards received 84 months' imprisonment (10 percent of which is 8.4 months), thus he is only eligible for six months of home confinement under the statute. Given that his current release date is May 16, 2022, Edwards is ineligible for pre-release custody or home confinement at this time. 18 U.S.C. § 3624 (authorizing "a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months").

Edwards also is seeking compassionate release under 18 U.S.C. § 3582 (Doc. 292). This Court denied Edwards's motion on October 28, 2019, because there was no evidence that Edwards exhausted his administrative remedies. Edwards now argues that he exhausted administrative remedies because 30 days have lapsed from the receipt of his request for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). To support his argument, Edwards noted that he submitted his request on April 9, 2020, and "[t]his provides the

basis for this Court to consider this motion as of 5/9/20." (*Id.* at p. 3).

But the record, as pointed out by the Government, shows that his request on April 9, 2020, was for home confinement—not compassionate release (Doc. 290, pp. 5-8; Doc. 292, pp. 50-51; Doc. 294). *See United States v. Gregory*, 2020 WL 3036001, at *1 (N.D. Ill. June 5, 2020) (noting "there is a difference between a request for home confinement, which only alters the location of confinement, and one for compassionate release, which reduces a defendant's sentence"); *see also United States v. Patterson*, 2020 WL 4195880, at *3 (E.D. Ky. July 21, 2020) (holding that an inmate did not exhaust his administrative remedies before filing a motion pursuant to 18 U.S.C § 3582 when the inmate's requests have consisted only of questions about home confinement pursuant to the CARES Act, not compassionate release under § 3582).

To combat this problem, Edwards relies on a document titled, "Receipt – Administrative Remedy" which allegedly shows the April 9, 2020 request was a "Reduction-in-Sentence Request" (Doc. 296, p. 4). This Court disagrees and Edwards's request for compassionate release is denied. While the "Receipt – Administrative Remedy" shows that the April 9, 2020 request was a request for a sentence reduction, a review of the record confirms that the request was for home confinement.[2]

In Edwards's other grievances, Edwards failed to exhaust his administrative remedies. Under Section 3582(c)(1)(A), the first step in exhausting administrative remedies for any inmate is to submit a compassionate release request to the warden. *See*

---

[2] The April 9, 2020 request (Doc. 290, pp. 5-6), the April 16, 2020 denial by the warden (*Id*. at p. 7), the April 23, 2020 appeal of the warden's denial (*Id*. at p. 8), the May 13, 2020 response of the Regional Director (Doc. 292, p. 51), and the June 5, 2020 appeal of the Regional Director's denial (*Id*. at p. 50) all confirm that Edwards requested home confinement, not compassionate release.

*also* 28 C.F.R. § 571.61(a) ("A request for a motion under [Section] 3582(c)(1)(A) shall be submitted to the Warden."); 28 C.F.R. §§ 571.60–.64 ("Compassionate Release Procedures for the Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)"). There are two ways in which an inmate may satisfy the second step in exhausting administrative remedies. One way to satisfy the second step is if 30 days have "lapse[d]" since the inmate submitted his request to the warden and the BOP has failed to respond, then the inmate may then file a motion in federal court and the court "may reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The other way to satisfy the second step is if the warden denies the request within the 30-day period, the inmate must "fully exhaust[ ] all administrative rights to appeal." 18 U.S.C. § 3582(c)(1)(A); *see, e.g., United States v. Miller*, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) (acknowledging that "[i]t seems odd that Congress would allow a defendant to short-circuit the [BOP]'s administrative procedures simply by waiting 30 days after filing his request, despite the warden timely acting on that request").

If the warden denies the request within the 30-day period, the inmate must "appeal the denial through the Administrative Remedy Procedure (28 CFR part 542, subpart B)." 28 C.F.R. § 571.63(a). To appeal the denial, an inmate must submit a BP-10 form to the Regional Director within 20 calendar days of the warden's response. 28 C.F.R. § 542.15. The Regional Director then must respond within 30 calendar days. 28 C.F.R. § 542.18. If the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP General Counsel on a BP-11 form within 30 calendar days of the Regional Director's response. 28 C.F.R. § 542.15. The appeal to the BOP General Counsel

is the final step in the administrative review process, and remedies are deemed exhausted when the inmate receives a response from the BOP General Counsel or upon the expiration of the General Counsel's response time of 40 calendar days. 28 C.F.R. § 542.15; 28 C.F.R. § 542.18 (noting that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level").

In Edwards's motion to reconsider, he notes that around September 16, 2019, he submitted a BP-8 form to his counselor and the BP-8 form has gone with no reply (Doc. 284, p. 3). This does not satisfy the first step in the exhaustion process because an inmate must submit a compassionate release request to the warden, not a counselor. 28 C.F.R. § 571.61(a) ("A request for a motion under [Section] 3582(c)(1)(A) shall be submitted to the Warden.").

Additionally, on May 27, 2020, Edwards submitted a form BP-9 for case number 1022301-F1, requesting compassionate release (Doc. 292, p. 46).[3] On June 2, 2020, this request was denied by the warden (*Id.* at p. 49). The record does not indicate whether Edwards timely filed a BP-10 form, whether the Regional Director responded,[4] nor does it contain a BP-11 form (BP-231) to the General Counsel. Accordingly, Edwards failed to exhaust his administrative remedies for compassionate release and the Court denies Edwards's motion. For this reason, the Court also denies Edwards's Motion for Appointment of Counsel with regard to his compassionate release motion (Doc. 295).

---

[3] Edwards submitted another form BP-9 on May 27, 2020, this was for case number 1022304-F1 (*Id.* at p. 48). This was another request for home confinement.
[4] Even if the Regional Director never responded to Edwards's BP-10, Edwards would still have to treat the lack of a response as a denial and submit an appeal on the BP-11 form to the General Counsel.

## II. Brady Violation-Vindictive Prosecution and Denials of Discovery

This Court denies Edwards's motion for reconsideration regarding the allegations of a *Brady* Violation or Vindictive Prosecution. Edwards's plea could have been "set aside only on direct appeal or collateral attack." *United States v. Vinyard*, 539 F.3d 589, 594 (7th Cir. 2008). Edwards attempted a direct appeal, but the Seventh Circuit dismissed it because it was untimely. *See* Order of Dismissal, *United States v. Edwards*, No. 17-2436 (7th Cir. July 16, 2018), ECF no. 33. Edwards attempted a collateral attack on his sentence under 28 U.S.C. § 2255, but this Court denied Edwards's § 2255 motion and did not issue a certificate of appealability because Edwards's motion was time-barred. *Edwards v. United States*, 2020 WL 1975077 (S.D. Ill. Apr. 24, 2020). The Seventh Circuit also denied Edwards's Application for Modification of Detention Order. *See* Order of Denial, *United States v. Edwards*, No. 20-1771 (7th Cir. May 21, 2020).

Similarly, this Court denied Edwards's motions for discovery because his motions were at best a collateral attack on his sentence under 28 U.S.C. § 2255, and Edwards already had a § 2255 motion pending under that statute with the Court (Doc. 283).

"[A]ny post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion." *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). "Only one such motion is permitted; successive motions must be authorized in advance by the court of appeals." *United States v. Arojojoye*, 806 F. App'x 475, 478 (7th Cir. 2020) (citing 28 U.S.C. §§ 2244, 2255(h)). Indeed, Edwards admits that his "request for discovery pertains to his [then] pending § 2255 motion as shown in the

header of motion." (Doc. 284, p. 6). Because the Seventh Circuit did not authorize its filing, this Court lacks jurisdiction and Edwards's motions for discovery and *Brady* Violation-Vindictive Prosecution are denied.

### III.   Miscellaneous Motions

Edwards's motion for preliminary injunction requesting immediate release on bond pending appeal (Doc. 286) and motion to expedite consideration (Doc. 290) are also denied because he brings the same arguments that are either addressed in this order[5] or additional collateral attacks on his sentence.[6]

Further, the Court denies Edwards's motion for preliminary injunction for immediate release on bond pending appeal (Doc. 286) as moot. Edwards already moved for his release on bond pending a resolution of appeal Nos. 18-3254 & 18-3548 (consolidated) and the Seventh Circuit resolved the underlying appeals on the merits. *United States v. Edwards*, 769 F. App'x 389, 390 (7th Cir. 2019). In fact, the Seventh Circuit previously dismissed Edwards's appeal on his motion to be released on bond pending appeal explaining it was "no longer possible for the court to set bond for the appellant pending appeal." *See* Order of Dismissal, *United States v. Edwards*, No. 19-1878 (7th Cir. May 17, 2019).

Within his motion for preliminary injunction, Edwards also alleges violations of Local Rules 83.3 and 83.6 and attaches "Exhibit B" (Doc. 286, pp. 6, 9). After reviewing

---

[5] This order already addresses Edwards's arguments regarding vindictive prosecution and § 3582. Also, Edwards's motion for preliminary injunction sought to invoke Rule 11, but the Seventh Circuit held that Edwards already "invoked Rule 11 and done so more than a year after sentencing." *Edwards*, 769 F. App'x at 390.

[6] Edwards's motion to expedite consideration cited to "28 U.S.C. §2255, Rule 32(d)," but Edwards already attempted a collateral attack on his sentence under 28 U.S.C. § 2255.

Exhibit B, this Court reads Edwards's filing as an allegation against Edwards's counsel in violation of Rule 1.6 of the Illinois Rules of Professional Conduct. This Court lacks jurisdiction over what it has construed to be an alleged violation of Rule 1.6 by Edwards's counsel. *See Edward T. Joyce & Assocs., P.C. v. Professionals Direct Ins. Co.*, 816 F.3d 928, 933 (7th Cir. 2016) (acknowledging that "the power to issue sanctions for violation of the Rules of Professional Conduct belongs exclusively to the Illinois Supreme Court and to any inferior courts acting with its blessing"); *but see Thomas Planera & Assocs., Ltd. v. CLR Auto Transp. Corp.*, 2018 WL 4937064, at *5 (N.D. Ill. Oct. 11, 2018) (noting that "[a]lthough the Preamble [to] [the] [Rules] strongly implies that the Rules may only be enforced in attorney disciplinary proceedings, courts in Illinois have routinely allowed parties to contest the enforceability of attorney fee agreements that violate the Rules, on the theory that the Rules express Illinois public policy and have 'the force and effect of law'").[7]

To the extent Edwards asks the Court to order other relief regarding the computation of his sentence or under the First Step Act, including additional sentence credit, the BOP will determine how to implement those portions of the Act. If Edwards disputes that determination, he may then file a motion after exhausting his administrative remedies.

Edwards is **WARNED** that he may be subject to sanctions for further frivolous or duplicative filings in this District, consistent with *Alexander v. United States*, 121 F.3d 312,

---

[7] The record does not indicate that Edwards filed a complaint with the Illinois Attorney Registration and Disciplinary Commission. Even if he did, "[c]ase law clearly demonstrates that lower federal courts do not have jurisdiction to review attacks on state attorney disciplinary proceedings." *Cueto v. Attorney Registration & Disciplinary Comm'n of Supreme Court of Illinois*, 2005 WL 1669574, at *2 (S.D. Ill. July 18, 2005).

315 (7th Cir. 1997). In *Alexander*, the Seventh Circuit imposed a monetary sanction and ordered that future filings by the inmate would be deemed denied on the thirtieth day unless the Court ordered to the contrary. *Id.* at 315-16. The Seventh Circuit relied on the principle that courts have "inherent powers to protect themselves from vexatious litigation." *Id.* at 316 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). Edwards should refrain from future vexatious, frivolous, or duplicative filings, if he wishes to avoid these sanctions.

## CONCLUSION

For these reasons, the Motion for Reconsideration (Doc. 284, 289), Motions for Compassionate Release (Docs. 292, 297), as well as his various other motions (Docs. 285, 286, 290, and 295), filed by Edwards are **DENIED**. Once Edwards has completed the BOP's Administrative Remedy Procedure, he may refile his motion for compassionate release along with the appropriate documentation. Edwards is **WARNED**, however, that any future motion for compassionate release must be narrowly tailored to the issue of compassionate release and the requirements of 18 U.S.C. § 3582(c)(1).

IT IS SO ORDERED.

DATED:  August 12, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**